UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER SADOWSKI,

                                Plaintiff,

                                                                               No. 1:22-cv-00887 (BKS/DJS)

v.

URBANSPOTLITE LLC,

                                Defendant.

**Appearance:**

*For Plaintiff*:
Daniel DeSouza
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 25, 2022, Plaintiff Christopher Sadowski brought this action against Defendant Urbanspotlite LLC, alleging copyright infringement pursuant to the Copyright Act of 1976. (Dkt. No. 1). Defendant has not answered the Complaint or otherwise appeared in this action. (*See* Dkt. Nos. 5, 7). Presently before the Court is Plaintiff's motion under Federal Rule of Civil Procedure 55(b) for a default judgment against Defendant. (Dkt. No. 9). Plaintiff seeks a permanent injunction, $9,000 in statutory damages, and $3,257.80 in attorneys' fees and costs. (*Id.*). For the reasons that follow, Plaintiff's motion is granted.

## II.     FACTS

In 2021, Plaintiff, an "award winning" and "widely published" photojournalist, created a professional photograph titled "080721nypdarmpatch24CS" (the "Work"), which depicted a New York Police Department Officer's arm patch. (Dkt. No. 1, ¶¶ 6–7, 12). Plaintiff "specializes in photo-documenting ordinary life and the human condition," and he "spends countless hours capturing hundreds of photographs and then processing [them] to ensure they meet customers' requirements." (*Id.* ¶¶ 7, 9). On December 31, 2021, Plaintiff registered the Work with the Register of Copyrights; the Work was assigned Registration No. VA 2-288-279. (*Id.* ¶ 13; *id.* at 10 (Copyright Registration)). Plaintiff serves as the licensing agent for his photographs, and licenses them for limited use by Plaintiff's customers. (*Id.* ¶ 11). Plaintiff's terms include "a limited, one-time license for use of any particular photograph by the customer only," and make clear that "all ownership remains with Plaintiff and that [his] customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs." (*Id.*).

On April 14, 2022, Plaintiff discovered the Work on Defendant's website. (*Id.* ¶ 22). Defendant is "a media platform and event promoter" that advertises and markets its business through its website, social media, and other forms of advertising. (*Id.* ¶¶ 15–16). Defendant used the Work as the main photo associated with a blog article titled "Off Duty Cop Arrested for Beating Girlfriend" and dated March 10, 2022. (*Id.* ¶¶ 17, 20; *id.* at 20 (screenshot of Defendant's website displaying the Work)). Plaintiff has never licensed Defendant to use or display the Work, and Defendant has never contacted Plaintiff seeking permission to use or display the Work. (*Id.* ¶ 19). Plaintiff alleges, upon information and belief, that "Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, [it] simply copied the Work for its own commercial use." (*Id.* ¶ 21). Following Plaintiff's

2

discovery, he notified Defendant in writing of the unauthorized use but was unable to negotiate a reasonable license. (*Id.* ¶ 22).

### III.   DISCUSSION

#### A.   Procedural Requirements

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestley*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Here, Plaintiff has complied with the procedural requirements for obtaining a default judgment. On September 27, 2022, Plaintiff requested a clerk's entry of default under Rule 55(a) and, as required by Local Rule 55.1, Plaintiff submitted an affidavit affirming that Urbanspotlite LLC (1) is not an infant, incompetent, or an active duty member of the United States Armed Forces; (2) was properly served; and (3) has defaulted in this action. (Dkt. No. 6, ¶¶ 1–4).

Plaintiff properly served Defendant in accordance with Fed. R. Civ. P. 4(h)(1)(B) by serving the Complaint on an authorized agent for Defendant. (Dkt. No. 5). On October 7, 2022, Plaintiff received a clerk's entry of default against the Defendant. (Dkt. No. 7).

On November 7, 2022, Plaintiff moved for default judgment under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). (Dkt. No. 9). Plaintiff served the motion on Defendant by mail, (Dkt. No. 9, at 14–15), and Defendant has filed no response. As the procedural requirements for entry of default judgment are met, the Court will address liability.

### B. Liability

By failing to answer the Complaint or oppose this motion, Defendant is deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.").

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. In.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the

defendant's] liability as a matter of law.'" *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

Based on the allegations in the Complaint, Defendant is liable for copyright infringement pursuant to the Copyright Act. "The Copyright Act of 1976 grants copyright owners the exclusive right to reproduce their copyrighted work, to prepare derivatives of the work, and to sell copies of the work." *Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 98 (S.D.N.Y. 2020) (citations omitted); *see* 17 U.S.C. §§ 106–22. To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

With regard to the first element, a "certificate of registration" made within five years after first publication of a work "constitute[s] prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). Once a party proffers a certificate of copyright registration, "the party challenging the validity of the copyright has the burden to prove the contrary." *Stern v. Lavender*, 319 F. Supp. 3d 650, 669 (S.D.N.Y. 2018) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999)). Here, Plaintiff alleges that he created the Work in 2021 and registered it "with the Register of Copyrights on December 31, 2021," (Dkt. No. 1, ¶ 13), and attaches a copy of the copyright registration to his Complaint and motion for default judgment, (Dkt. No. 1, at 10–18; Dkt. No. 9-1). Thus, Plaintiff established ownership of a valid copyright. *See Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 50–51 (S.D.N.Y. 2022) (finding that the first element of copyright infringement was met on a default judgment motion where the plaintiff "allege[d] that it [was] the owner of U.S. Copyright Registration numbers covering" the works at

5

issue), *report and recommendation adopted by* 2022 WL 2072567, 2022 U.S. Dist. LEXIS 103587 (S.D.N.Y. June 9, 2022).

Second, to establish the copying element, "the plaintiff must first show that his work was actually copied; second, he must establish substantial similarity or that the copying amounts to an improper or unlawful appropriation." *Yague v. Visionaire Publ'g LLC*, No. 19-cv-11717, 2021 WL 4894676, at *1, 2021 U.S. Dist. LEXIS 174583, at *3 (S.D.N.Y. Sept. 14, 2021) (quoting *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003)). A plaintiff may demonstrate actual copying with indirect evidence, such as "proof that the defendant[] had access to the copyrighted work and similarities that are probative of copying between the works." *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 369 (S.D.N.Y. 2020) (quoting *Hamil. Am. Inc.*, 193 F.3d at 99).

Here, Plaintiff alleges that Defendant was never licensed to use the Work, and that Defendant did not contact Plaintiff about using the Work. (Dkt. No. 1, ¶ 19). Plaintiff submits screenshots of the Work and Defendant's allegedly infringing article, which appear to be identical, (*id.* ¶¶ 12, 13, 17; Dkt. No. 1, at 20), and thus Plaintiff's "allegations are sufficient to make out a claim for copyright infringement," *Yague*, 2021 WL 4894676, at *1, 2021 U.S. Dist. LEXIS 174583, at *3 (finding that the plaintiff's allegations established copyright infringement on a motion for default judgment where the work and the copied work were "identical"); *see Craine v. Beyond the W, LLC*, No. 19-cv-2259, 2021 WL 930255, at *1, 2021 U.S. Dist. LEXIS 45568, at *2–3 (E.D.N.Y. Mar. 11, 2021) (finding that the plaintiff's allegations established copyright infringement on a motion for default judgment where the defendant published an article "on its website that featured the [p]hotograph" and the plaintiff alleged that the defendant "did not have [her] permission or consent to publish the [p]hotograph on its website").

Thus, the Court finds that Plaintiff has established the elements of his copyright infringement claim.

### C. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). On a motion for default judgment, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151,155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence . . . based . . . upon a review of affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)).

As noted, Plaintiff seeks (1) statutory damages pursuant to 17 U.S.C. § 504(c)(1) in the amount of $9,000, based on a finding that Defendant's infringement was willful, (Dkt. No. 9, at 11–12); (2) an award of costs, including attorneys' fees, incurred in connection with this action in the amount of $3,257.80, (*id.* at 12–13); and (3) a permanent injunction prohibiting Defendant from future infringing reproductions of Plaintiff's works, (*id.* at 13–14).

#### 1. Statutory Damages

Plaintiff elects to recover statutory damages in the amount of $9,000. (Dkt. No. 9, at 11–12). Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages, in lieu of actual damages, "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Where the Court finds "that infringement was committed

7

willfully, the [C]ourt in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). "Within these statutory limits, the Copyright Act affords the Court wide discretion." *Broad. Music, Inc. v. Buffalo Wing Joint & Pub, LLC*, 431 F. Supp. 3d 147, 155 (W.D.N.Y. 2019) (citation omitted).

Courts in this Circuit consider the following factors to determine the amount of statutory damages: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). "[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 & n.12 (S.D.N.Y. Jan. 21, 2016) (collecting cases).

As an initial matter, Defendant's "copyright infringement is deemed willful by virtue of [] [its] default." *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). In light of Defendant's willful infringement, the first, fifth, and sixth factors weigh against Defendant. *See Broad. Music, Inc. v. Metro Lounge & Café LLC*, No. 10-cv-1149, 2013 WL 286361, at *4, 2013 U.S. Dist. LEXIS 9934, at *12 (N.D.N.Y. Jan. 24, 2013). Further, as Plaintiff argues, the Court cannot evaluate the second factor because Defendant has not appeared in this action. (Dkt. No. 9, at 10–11); *see Strike 3 Holdings, LLC v. Doe*, No. 18-cv-5305, 2021 WL 4896862, at *3, 2021 U.S. Dist. LEXIS 179208, at *9 (E.D.N.Y. Sept. 20, 2021) (noting that "it is impossible for the Court to ascertain what, if any profits Defendant earned by infringing), *report and recommendation adopted*, 2021 WL 4894161, 2021 U.S. Dist. LEXIS

8

202389 (E.D.N.Y. Oct. 20, 2021). As to the third factor, Plaintiff submits a sworn declaration stating that his lost revenue is the "$1,800.00 annual license fee," which is consistent with the invoices for prior licensing fees submitted by Plaintiff. (Dkt. No. 9, at 10; Dkt. No. 9-1, ¶ 14). Finally, the fourth factor weighs in favor of statutory damages beyond actual damages because "an award of statutory damages could deter future infringements by the Defendant and third parties." *Farrington v. Fingerlakes1.com, Inc.*, No. 19-cv-6802, 2020 WL 7350336, at *6, 2020 U.S. Dist. LEXIS 235712, at *14 (W.D.N.Y. Dec. 15, 2020) (citation omitted).

      Considering these factors, the Court finds that $7,200—not $9,000—in statutory damages is reasonable. Plaintiff alleges that "Defendant displayed the Work from at least March 2022 through at least May 2022," and thus would have paid at least $1,800 for the annual license fee. (Dkt. No. 9, at 10). The Court finds that quadrupling that fee, for an award of $7,200, serves the "compensatory and punitive" purposes of statutory damages. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986). This is within the range of awards in similar cases involving willful infringement of copyrighted photographs. *See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-cv-5721, 2019 WL 312149, at *8, 2019 U.S. Dist. LEXIS 1901, at *19 (E.D.N.Y. Jan. 3, 2019) (awarding "just under five times [the] licensing fee" where the defendant willfully infringed the plaintiff's copyrighted photo by posting the photo on its website without the plaintiff's consent), *report and recommendation adopted*, 2019 WL 291145, 2019 U.S. Dist. LEXIS 10949 (E.D.N.Y. Jan. 23, 2019); *Nat'l Photo Grp., LLC v. Bigstar Ent., Inc.*, No. 13-cv-5467, 2014 WL 1396543, at *4, 2014 U.S. Dist. LEXIS 50790, at *11 (S.D.N.Y. Apr. 11, 2014) (awarding statutory damages of $9,000 for willful infringement of a photo with a $3,000 licensing fee), *report and recommendation adopted*, 2014 WL 5051275, 2014 U.S. Dist. LEXIS 143992 (S.D.N.Y. Oct. 8, 2014).

9

Accordingly, the Court awards Plaintiff $7,200 in statutory damages.

### 2. Attorneys' Fees and Costs

Plaintiff seeks $2,812.50 in attorneys' fees and $445.30 in costs, for a total of $3,257.80. (Dkt. No. 9, at 12–13). Under the Copyright Act, a "court in its discretion may allow the recovery of full costs by or against any party other than the United States," which includes "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In determining the reasonableness of requested attorneys' fees, "the Court begins by using the 'lodestar method' to calculate a 'presumptively reasonable fee.'" *McGlynn v. Cools, Inc.*, No. 19-cv-3520, 2020 WL 6561658, at *4, 2020 U.S. Dist. LEXIS 116761, at *10–11 (S.D.N.Y. July 1, 2020) (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The lodestar is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* In the Second Circuit, there is a presumption in favor of the "forum rule," which requires courts to employ "the hourly rates . . . in the district in which the reviewing courts sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted). To rebut the presumption, a party seeking higher out-of-district rates "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* at 176.

Courts may, after the initial calculation of the presumptively reasonable fee, adjust the total when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citing *Millea*, 658 F.3d at 167). The "fee applicant has the burden of showing by satisfactory evidence—in addition to the attorney's own affidavits—that the requested hourly rates are the

10

prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (quotation omitted).[1]

Here, Plaintiff's counsel submitted a sworn declaration, which is supported by attached billing records, asserting that his firm spent 8.50 hours total on the case: Plaintiff's counsel, a principal shareholder, spent 3.15 hours on the case, an associate attorney spent 4.15 hours on the case, and a paralegal spent 1.20 hours on the case. (Dkt. No. 9-2, ¶ 9; *id.* at 8). Plaintiff's counsel attached an itemized invoice to his declaration, which reflects the same time distribution. (Dkt. No. 9-2, at 8). This is a reasonable number of hours required by a motion for default judgment in a copyright infringement case. *See Broad. Music, Inc. v. DeJohn's on Lark, Inc.*, No. 19-cv-637, 2020 WL 1986903, at *6, 2020 U.S. Dist. LEXIS 73262, at *18 (N.D.N.Y. Apr. 27, 2020) (finding 28.9 hours working on a motion for default judgment in a copyright infringement case reasonable); *Broad. Music, Inc. v. Rider Rock's Holding LLC*, No. 16-cv-1398, 2017 WL 2992498, at *3, 2017 U.S. Dist. LEXIS 109383, at *7 (N.D.N.Y. July 14, 2017) (finding 15.5 hours working on a motion for default judgment in a copyright infringement case reasonable).

Further, Plaintiff's counsel requests an hourly rate of $450 for himself, an hourly rate of $300 for the associate attorney, and an hourly rate of $125 for the paralegal. (Dkt. No. 9-2, at 8). Plaintiff, "one of two principal shareholders of the law firm," alleges that this hourly rate is "within the range charged by other lawyers in South Florida," and is reasonable considering that he "ha[s] served as counsel of record in approximately 250 federal civil and/or bankruptcy actions and 250+ state court lawsuits in Florida/New York." (*Id.* ¶ 6); *cf. Eileen Grays, LLC v. Remix Lighting, Inc.*, No. 18-cv-362, 2019 WL 6609834, at *7, 2019 U.S. Dist. LEXIS 209445,

---

[1] Plaintiff also relies on 17 U.S.C. § 1203(b)(5), which permits prevailing parties to seek attorneys' fees for a violation of the Digital Millennium Copyright Act ("DMCA"). (Dkt. No. 9, at 12–13). Because Plaintiff's Complaint does not plead a violation of the DMCA, the Court will not assess attorneys' fees for such a violation.

at *17–18 (N.D.N.Y. Dec. 5, 2019) (finding that a plaintiff rebutted the forum rule presumption where the attorneys were "a partner with Morgan Lewis" and an attorney who "previously worked at the U.S. Copyright Office," and had "specialized expertise," and an attorney with an "existing relationship with the [p]laintiff"). Although the Court may consider Plaintiff's counsel's experience in assessing a reasonable hourly rate, *see DeJohn's on Lark, Inc.*, 2020 WL 1986903, at *7, 2020 U.S. Dist. LEXIS 73262, at *18–19 (collecting cases), these allegations do not establish that in-district counsel would produce a substantially inferior result. Thus, the presumptively reasonable rate is evaluated based on the Northern District of New York.[2]

In *DeJohn's on Lark, Inc.*, the Court held that the requested hourly rate of $450 was "considerably higher than what is usually expected in the Northern District of New York." 2020 WL 1986903, at *7, 2020 U.S. Dist. LEXIS 73262, at *18 (citing *Rider Rock's Holding LLC*, 2017 WL 2992498, at *3, 2017 U.S. Dist. LEXIS 109383, at *7). "Cases in this district have found reasonable rates to generally be $275-$350 for experienced partners, $165-200 for junior associates, and $90 for paralegals." *Holick v. Cellular Sales of N.Y., LLC*, No. 12-cv-584, 2021 WL 964206, at *3, 2021 U.S. Dist. LEXIS 47393, at *7 (N.D.N.Y. Mar. 15, 2021); *see Richardson v. N.Y.S. Off. of Mental Health*, No. 11-cv-1007, 2018 WL 2021536, at *2, 2018 U.S. Dist. LEXIS 72762, at *4 (N.D.N.Y. Apr. 30, 2018) (finding $165 per hour for an associate attorney and $80 per hour for a paralegal reasonable where the plaintiff "provide[d] no information about the qualifications of the associate attorneys and paralegals who worked on [the] case").

---

[2] Plaintiff also misunderstands the forum rule. Plaintiff claims that the requested hourly rates are "within the range constituting the 'forum rate' generally applied by courts in the New York federal courts for attorneys of similar experience." (Dkt. No. 9-2, at 4 (citing cases from the Eastern District of New York and Southern District of New York)). However, under the forum rule, the Court only considers the presumptively reasonable rate in the Northern District of New York. *See Simmons*, 575 F.3d at 174.

12

As a result of Plaintiff's counsel's nearly two decades of experience and his status as a principal shareholder, which is presumably akin to a partner, the Court reduces his billable rate to $350 per hour. (Dkt. No. 9-2, at 2–3). Plaintiff's counsel provides no additional information about the associate attorney's experience or the paralegal's experience. Thus, the Court will reduce the billable rate to $165 per hour for the associate attorney and $90 per hour for the paralegal. Thus, based on the hours worked and reduced hourly rate, the Court finds that Plaintiff is entitled to a total of $1,895.25 in attorneys' fees.

Moreover, Plaintiff seeks $445.30 in costs, which is comprised of $402 for the Complaint filing fee and $43.30 for service of process on Defendant. (Dkt. No. 9, ¶ 13). Plaintiff's billing records and the docket report substantiate these costs. (Dkt. No. 1; Dkt. No. 9-2, at 9). The Court therefore finds that Plaintiff is entitled to recover these costs. *See Sony BMG Music Ent. v. Larkin*, 08-cv-702, 2009 WL 2176641, at *2, 2009 U.S. Dist. LEXIS 62616, at *4 (N.D.N.Y. July 22, 2009) (awarding $480 for filing and service fees).

Accordingly, the Court finds that Plaintiff is entitled to recover a total of $2,340.55 in attorneys' fees and costs.

### D.     Injunctive Relief

Plaintiff seeks a permanent injunction against Defendants under the Copyright Act enjoining Defendant from directly or indirectly infringing the Work's copyright and from directly or indirectly reproducing, displaying, or distributing any of Plaintiff's copyrighted photographs. (Dkt. No. 9, at 14).[3]

---

[3] In full, Plaintiff seeks "a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, vendors and assigns, and all those in active concert and participation with Defendant, prohibiting it from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity;

13

"A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Kingvision Pay-Per-View LTD. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006) (internal quotation marks omitted). Under the Copyright Act, a court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking an injunction must show: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)) (noting that the *eBay* standard applies to copyright injunctions). "Generally, a plaintiff must show the threat of [a] continuing violation in order to be entitled to injunctive relief." *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 412–13 (S.D.N.Y. 2004) (alteration in original) (citation omitted).

All of these factors militate toward granting Plaintiff's requested permanent injunction enjoining Defendant from infringing the Work's copyright. First, Plaintiff has alleged and offered evidence that Defendant infringed his copyright, causing irreparable injury to Plaintiff. *See Rovio Ent., Ltd.*, 97 F. Supp. 3d at 547 (finding that the plaintiff suffered irreparable injury where it obtained a default judgment that the defendant infringed its copyright and trademark). Further, "Defendant's ability to continue [its] infringement absent an injunction shows that

---

and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff." (Dkt. No. 9, at 14).

monetary damages are insufficient to provide Plaintiff with relief." *Strike 3 Holdings, LLC*, 2021 WL 4896862, at *3, 2021 U.S. Dist. LEXIS 179208, at *9 (citation omitted). Moreover, the balance of hardships favors Plaintiff because "[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) (quoting *Rovio Ent., Ltd.*, 97 F. Supp. 3d at 547). Finally, a permanent injunction would not disserve the public interest because "'the public has a compelling interest in protecting copyright owners' marketable rights to their work' so as to 'encourage the production of creative work.'" *Beastie Boys v. Monster Energy*, 87 F. Supp. 3d 672, 679 (S.D.N.Y. 2015) (quoting *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012)).

However, in light of the fact that the Complaint only alleges that Defendant infringed on one copyrighted photograph and absent any evidence indicating a likelihood of the infringement of Plaintiff's other copyrighted photographs, the Court declines to issue an injunction as to all of Plaintiff's copyrighted works. *Cf. Beastie Boys*, 87 F. Supp. 3d at 680–81 (denying the plaintiff's request for "a permanent injunction that sweeps beyond the use of the infringing Ruckus video on which this case [was] focused" in a case where the infringing video was likely an "anomalous occurrence," the defendant "promptly removed the video from its website" and the court found that the transgressions were "unlikely to recur").

Accordingly, the Court grants Plaintiff a permanent injunction enjoining Defendant, its employees, agents, officers, attorneys, and all those in active concert or participation with these individuals from infringing the Work's copyright. *See* Fed. R. Civ. P. 65(d)(2); *Kelly Toys Holdings, LLC v. Airpods Pro Store*, No. 21-cv-8435, 2022 WL 2801077, at *9 (S.D.N.Y. July

18, 2022) (eliminating "successors and assigns" from a plaintiff's proposed permanent injunction so that the court's order tracks the language in Rule 65(d)(2)).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 9) is **GRANTED** and Plaintiff is awarded $7,200 in statutory damages and $2,340.55 in fees and costs; and it is further

**ORDERED** that Defendant, its employees, agents, officers, attorneys, and all those in active concert or participation with these individuals are hereby permanently enjoined from directly or indirectly infringing the copyrighted photograph which is the subject of this action ("the Work"); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 7, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

16