**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER SADOWSKI,

                              Plaintiff,

                                                                    1:22-cv-887
      v.                                                              (BKS/DJS)

URBANSPOTLITE LLC,

                              Defendant.
_____

**APPEARANCES:**                                            **OF COUNSEL:**

DESOUZA LAW, PA                              DANIEL DESOUZA, ESQ.
Attorney for Plaintiff
3111 N. University Drive - Suite 301
Coral Springs, FL 33065

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. PROCEDURAL HISTORY

On August 5, 2022, Plaintiff commenced this copyright infringement case seeking redress for Defendant's unauthorized use of Plaintiff's work. Dkt. No. 1, Compl. In particular, and in connection with a blog post entitled "off-duty cop arrested for beating girlfriend," the Defendant utilized the following copyrighted photograph:



Compl. at ¶¶ 12-13.

After service of the Complaint on the authorized agent for the LLC, *see* Dkt. No. 5, no answer was interposed by Urbanspotlight and, on request, an entry of default was issued by the Clerk's Office. Dkt. No. 7. Thereafter, the District Court granted Plaintiff's Motion for a Default Judgment in the amount of $9,540.55, inclusive of costs and fees, and Judgement was entered. Dkt. Nos. 10 & 11.

In an effort to collect on the Judgment, the Plaintiff conducted post-judgment discovery. When his discovery demands were ignored, Plaintiff filed a Motion to Compel. Dkt. No. 13. That Motion was granted by this Court on June 6, 2023. Dkt No. 14. The Court's Order was swerved on Defendant's registered agent in Albany, New York, and was emailed to the LLC's Gmail account, as well as by regular mail. Dkt. No. 15, at ¶¶ 5-6. Nevertheless, Defendant still did not respond to the Plaintiff's First Request for Production and Fist Set of Interrogatories. *Id.* at 7-8. Accordingly, the Plaintiff moved for an Order to Show Cause as to why the Defendant should not be held in contempt. *Id.*

On September 11, 2023, the Court issued the requested Order to Show Cause to Defendant Urbanspotlite LLC as to why it should not be held in contempt of court. Dkt. No. 16. The Order directed Defendant to appear in Federal Court in Albany, NY, on October 18, 2023, and provided an opportunity for the LLC to provide written materials to the Court to explain its alleged non-compliance with the Court's previous directive. *Id.* No submissions were received by the Court, and no representative of Defendant appeared for the contempt hearing. *See* Text Minute Entry, dated October 18, 2023. Plaintiff's counsel did appear by telephone. The Court inquired about any information regarding the members of the LLC, and thereafter directed Plaintiff's counsel to investigate further. Plaintiff's counsel, Daniel DeSouza, complied with the Court's request, and attempted further contact with the LLC and any representative, and issued appropriate subpoenas. Counsel reported: "Based on the information received to date, it would appear that Klenord Raphael is an owner and/or officer of Defendant, while Darlene Cameron, Richard Thimote, and Tarik Lawrence are likely officers." Dkt. No. 21. Contact with the administrator of Defendant's online presence only resulted in an unfruitful exchange. *See* Dkt. No. 21-1.

## II. DISCUSSION AND CERTIFICATION

Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that a court may hold a party in contempt for failure to comply with a discovery order. A person may be held in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina*

*Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed," and the person or entity "must be able to ascertain from the four corners of the order precisely what acts are [required or] forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotation marks omitted). Contempt may be either civil or criminal, depending upon the substance of the contempt proceeding and the "character and purpose of the sanction involved." *Gompers v. Bucks Stove & Range,* 221 U.S. 418, 441 (1911). A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil. *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989).

In civil non-consent cases, a magistrate judge has authority to certify to the district court that facts exist sufficient to establish a finding of contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (internal quotation marks omitted). "Under this prescribed protocol, a magistrate judge may conduct a hearing, but in doing so may only certify the

- 4 -

facts and may not issue an order of contempt." *NXIVM Corp. v. Bouchey*, 2011 WL 5080322, at *4 (N.D.N.Y. Oct. 24, 2011).

Based upon the foregoing, the Court certifies the following facts as having been established by clear and convincing evidence:

(1) That the Plaintiff served appropriate post-judgment discovery demands upon Defendant Urbanspotlite LLC.

(2) The Defendant failed to respond to those demands in any fashion, or to make any objection.

(3) That on June 2, 2023, this Court issued an Order compelling the Defendant to respond to the outstanding discovery demands.

(4) That the Courts Order to Compel was served upon Defendant, via its authorized agent.

(5) That despite the issuance and service of the Court's Order to Compel, no discovery responses were ever provided by the Defendant.

(6) That on September 11, 2023, the Court issued an Order to Show Cause as to why Defendant should not be held in contempt, which Order to Show Cause was served upon the Defendant.

(7) That the Defendant failed to respond in in any fashion to the Court's Order to Show Cause, and failed to appear in court on October 18, 2023, as directed.

(8) That the Court's Order to Compel and Order to Show Cause, were clear and unambiguous.

(9) That the Plaintiff has established through his efforts, and the affidavits of service, that the Defendant has failed to diligently attempt to comply with the Courts Orders and the discovery demands in a reasonable manner.

In light of the foregoing, it is recommended to the District Court that appropriate sanctions be imposed. The purpose of the sanction would be to coerce compliance with the outstanding discovery demands so that Plaintiff may successfully enforce his judgment and, in addition, to remedy any harm past noncompliance caused other party. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d at 657. Having considered the underlying claim, as well as the failure to date to identify with certainty the members of the LLC, the Court recommends against a per-day or per-month fine, as it is unclear that it would be successful in producing compliance. Instead, the Court recommends a single contempt fine in the amount of $5,000, and that Plaintiff be awarded costs for bringing the Order to Show Cause Motion. The Court also recommends that any contempt fine be remitted if the Defendant were to fully comply with the outstanding discovery demands within sixty days of this Report-Recommendation.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant Urbanspotlite, LLC be held in contempt of court for its failure to comply with this Court's June 2, 2023 and September 11, 2023 Orders, and that appropriate sanctions be imposed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

**ORDERED**, that in addition to the above service, counsel for the Plaintiff shall immediately serve a copy of this Report-Recommendation and Order on the Defendant's agent via certified mail, as well as any known email address for the LLC, and, further, that copies of this Report-Recommendation and Order shall be served on Klenord Raphael, Darlene Cameron, Richard Thimote, and Tarik Lawrence utilizing any available email address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   December 26, 2023
         Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).