UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER SADOWSKI,

                              Plaintiff,                    1:22-cv-00887 (BKS/DJS)

v.

URBANSPOTLITE LLC,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
Daniel DeSouza
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On August 25, 2022, Plaintiff Christopher Sadowski brought this action against Defendant Urbanspotlite LLC, alleging copyright infringement pursuant to the Copyright Act of 1976. (Dkt. No. 1). On April 7, 2023, as Defendant failed to answer the Complaint or otherwise appear in this action, (*see* Dkt. Nos. 5, 7), this Court granted Plaintiff's motion for default judgment, awarded Plaintiff $7,200 in statutory damages and $2,340.55 in fees and costs, and permanently enjoined Defendant, its employees, agents, officers, attorneys, and all those in active concert or participation with these individuals from directly or indirectly infringing the copyrighted photograph which was the subject of this action. (*See generally* Dkt. No. 10). On December 26, 2023, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and

Order recommending that Defendant Urbanspotlite, LLC be held in contempt of court under Federal Rule of Civil Procedure 37(b)(2)(A)(vii) for its failure to comply with Magistrate Judge Stewart's Order compelling Defendant to respond to Plaintiff's post-judgment discovery demands under Rule 69(a)(2).[1] (Dkt. No. 13). In the Report-Recommendation, Magistrate Judge Stewart certified to this Court that "facts exist sufficient to establish a finding of contempt." (Dkt. No. 22, at 4 (quoting 28 U.S.C. § 636(e)(6)(B)(iii)); *see also id.* at 5–7 (certifying facts as having been established by clear and convincing evidence)). Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 22, at 7). No objections have been filed.

## II.   BACKGROUND

On May 19, 2023, following the Court's entry of default judgment, Plaintiff filed a motion to compel Defendant to provide post-judgment discovery responses under Rules 37(a) and 69(a)(2). (Dkt. No. 13). This motion was referred to Magistrate Judge Stewart who, on June 2, 2023, granted Plaintiff's motion. (Dkt. No. 14, at 1 (ordering Defendant to "serve its responses to Plaintiff's First Request for Production in Aid of Execution [of Judgment] and First Set of Interrogatories in Aid of Execution [of Judgment] within twenty-one (21) days of the date of th[e] Order.")).

On July 7, 2023, after Defendant failed to respond, Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt for failing to comply with Magistrate

---

[1] Rule 69 provides: "Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-00394, 2023 WL 3294277, at *2, 2023 U.S. Dist. LEXIS 79075, at *3–4 (S.D.N.Y. May 5, 2023) (applying Rule 69(a)(2) to compel discovery after entry of default judgment).

Judge Stewart's discovery order. (Dkt. No. 15). On September 11, 2023, Magistrate Judge Stewart ordered Defendant to show cause why it should not be held in contempt for failure to comply with the discovery order, set a deadline of October 13, 2023, for filing a written response to the order to show cause, and directed Defendant to appear in person (or via telephone conference) on October 18, 2023, at the Federal Courthouse in Albany, New York. (Dkt. Nos. 16, 19). Defendant failed file any written response and failed to appear in person or via telephone on October 18, 2023. (*See* Text Minute Entry Oct. 18, 2023). On November 1, 2023, Magistrate Judge Stewart issued a Text Order directing Plaintiff's counsel "to provide the Court, within 21 days of this Text Order, any information which he has concerning the identity of the members or directors of the LLC, and to set forth all efforts to communicate with the LLC or its members to notify them of the pending Order to Show Cause." (Dkt. No. 20). On November 22, 2023, Plaintiff filed a status report, with exhibits, outlining the efforts undertaken to identify the members and directors of the Defendant LLC and the efforts to communicate with the LLC or its members to notify them of the pending Order to Show Cause. (Dkt. No. 21, at 1).

As indicated above, on December 26, 2023, Magistrate Judge Stewart issued a Report-Recommendation and Order certifying "facts exist sufficient to establish a finding of contempt" as to Defendant Urbanspotlite, LLC "for its failure to comply with this Court's June 2, 2023 and September 11, 2023 Orders," and recommending "a single contempt fine in the amount of $5,000, and that Plaintiff be awarded costs for bringing the Order to Show Cause Motion," but that "any contempt fine be remitted if the Defendant were to fully comply with the outstanding discovery demands within sixty days of this Report-Recommendation." (Dkt. No. 22, at 5–7). In addition, Magistrate Judge Stewart ordered Plaintiff "to immediately serve a copy of this Report-Recommendation and Order on the Defendant's agent via certified mail, as well as any known

email address for the LLC, and, further, that copies of this Report-Recommendation and Order shall be served on Klenord Raphael, Darlene Cameron, Richard Thimote, and Tarik Lawrence utilizing any available email address." (*Id.* at 7). Finally, Magistrate Judge Stewart advised the parties of their right to file objections within fourteen days under 28 U.S.C. § 636(b)(1). (*Id.*).

### III.   DISCUSSION

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Here, the Report-Recommendation certifies facts supporting a finding of contempt as to Defendant Urbanspotlite, LLC, (Dkt. No. 22, at 5–6), and recommends that the Court issue an order holding Defendant "in contempt of court for its failure to comply with this Court's June 2, 2023 and September 11, 2023 Orders," (*id.* at 7). However, an additional hearing is required before a finding of contempt may be entered. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) ("The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made."). Thus, the Court accepts the Report-Recommendation's certification of facts supporting a finding of contempt, but rejects the Report-Recommendation insofar as it recommends holding Defendant in contempt without further hearing.

### IV.   CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 22) is **REJECTED** insofar as it recommends holding Defendant in contempt without further hearing, but is otherwise **ADOPTED** it in its entirety; and it is further

4

**ORDERED** that Plaintiff's motion for an order to show cause, (Dkt. No. 15) is **GRANTED** and Defendant Urbanspotlite, LLC[2] is hereby ordered to show cause before Chief United States District Judge Brenda K. Sannes on April 17, 2024 at 10:00 a.m. at the James M. Hanley Federal Building & U.S. Courthouse, 100 S. Clinton St., Syracuse, New York 13261, or via videoconference, regarding why Defendant Urbanspotlite, LLC said should not be held in contempt for failure to comply with the discovery order entered in this case; and it is further

**ORDERED** that Plaintiff serve the Report-Recommendation and Order and this Memorandum-Decision and Order on Defendant's agent via certified mail, as well as any known email address for the LLC by March 13, 2024, and file a certificate of service by March 18, 2024; and it is further

**ORDERED** that Plaintiff serve the Report-Recommendation and Order and this Memorandum-Decision and Order on Klenord Raphael, Darlene Cameron, Richard Thimote, and Tarik Lawrence utilizing any available email and mailing address by March 13, 2024, and file a certificate of service by March 18, 2024.

**IT IS SO ORDERED.**

Dated: February 28, 2024
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[2] Defendant Urbanspotlite, LLC is advised that an LLC "may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)