UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER SADOWSKI,

                                 Plaintiff,                    1:22-cv-00887 (BKS/DJS)

v.

URBANSPOTLITE LLC,

                                 Defendant.
_____

**Appearances:**

*For Plaintiff:*
Daniel DeSouza
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.   INTRODUCTION**

      On August 25, 2022, Plaintiff Christopher Sadowski brought this action against Defendant Urbanspotlite LLC, alleging copyright infringement pursuant to the Copyright Act of 1976. (Dkt. No. 1). Presently before the Court is Plaintiff's request for the entry of contempt sanctions in the amount of $5,000 and an award of attorneys' fees and costs in connection with Defendant's failure to comply with Plaintiff's post-judgment discovery requests. (Dkt. No. 28). For the reasons that follow, the Court finds Defendant to be in contempt of Court under Federal Rule of Civil Procedure 37(b)(2)(A)(vii) and issues civil contempt sanctions in the amount of $5,000 plus attorney's fees and costs.

II.     FACTS

On April 7, 2023, as Defendant failed to answer the Complaint or otherwise appear in this action, (*see* Dkt. Nos. 5, 7), this Court granted Plaintiff's motion for default judgment, awarded Plaintiff $7,200 in statutory damages and $2,340.55 in fees and costs, and permanently enjoined Defendant, its employees, agents, officers, attorneys, and all those in active concert or participation with these individuals from directly or indirectly infringing the copyrighted photograph which was the subject of this action. (*See generally* Dkt. No. 10).

In an effort to collect on the judgment, Plaintiff commenced post-judgment discovery under Rule 69(a)(2)[1] by serving a "First Request for Production in Aid of Execution and First Set of Interrogatories in Aid of Execution," on Defendants via U.S. Mail and e-mail. (Dkt. No. 13, ¶ 2). Defendant failed to respond to Plaintiff's discovery requests, and on May 19, 2023, Plaintiff filed a motion to compel Defendant to provide post-judgment discovery responses under Rules 37(a) and 69(a)(2). (Dkt. No. 13). This motion was referred to Magistrate Judge Daniel J. Stewart who, on June 2, 2023, granted Plaintiff's motion. (Dkt. No. 14, at 1 (ordering Defendant to "serve its responses to Plaintiff's First Request for Production in Aid of Execution [of Judgment] and First Set of Interrogatories in Aid of Execution [of Judgment] within twenty-one (21) days of the date of th[e] Order.")).

On July 3, 2023, after Defendant failed to respond, Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt for failing to comply with Magistrate

---

[1] Rule 69 provides: "Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-00394, 2023 WL 3294277, at *2, 2023 U.S. Dist. LEXIS 79075, at *3–4 (S.D.N.Y. May 5, 2023) (applying Rule 69(a)(2) to compel discovery after entry of default judgment).

Judge Stewart's discovery order. (Dkt. No. 15). On September 11, 2023, Magistrate Judge Stewart ordered Defendant to show cause why it should not be held in contempt for failure to comply with the discovery order, set a deadline of October 13, 2023, for filing a written response to the order to show cause, and directed Defendant to appear in person (or via telephone conference) on October 18, 2023, at the Federal Courthouse in Albany, New York. (Dkt. Nos. 16, 19). Defendant failed to file any written response and failed to appear in person or via telephone on October 18, 2023 (*See* Text Minute Entry Oct. 18, 2023). On November 1, 2023, Magistrate Judge Stewart issued a Text Order directing Plaintiff's counsel "to provide the Court, within 21 days of this Text Order, any information which he has concerning the identity of the members or directors of the LLC, and to set forth all efforts to communicate with the LLC or its members to notify them of the pending Order to Show Cause." (Dkt. No. 20). On November 22, 2023, Plaintiff filed a status report, with exhibits, outlining the efforts undertaken to identify the members and directors of the Defendant LLC and the efforts to communicate with the LLC or its members to notify them of the pending Order to Show Cause. (Dkt. No. 21, at 1).

On December 26, 2023, Magistrate Judge Stewart issued a Report-Recommendation and Order certifying "facts exist sufficient to establish a finding of contempt" as to Defendant Urbanspotlite, LLC "for its failure to comply with this Court's June 2, 2023 and September 11, 2023 Orders," and recommending "a single contempt fine in the amount of $5,000, and that Plaintiff be awarded costs for bringing the Order to Show Cause Motion," but that "any contempt fine be remitted if the Defendant were to fully comply with the outstanding discovery demands within sixty days of this Report-Recommendation." (Dkt. No. 22, at 5–7). In addition, Magistrate Judge Stewart ordered Plaintiff "to immediately serve a copy of this Report-Recommendation and Order on the Defendant's agent via certified mail, as well as any known email address for

the LLC, and, further, that copies of this Report-Recommendation and Order shall be served on Klenord Raphael, Darlene Cameron, Richard Thimote, and Tarik Lawrence utilizing any available email address." (*Id.* at 7). Finally, Magistrate Judge Stewart advised the parties of their right to file objections within fourteen days under 28 U.S.C. § 636(b)(1). (*Id.*). No objections were filed.

On February 28, 2024, this Court rejected Magistrate Judge Stewart's Report-Recommendation to the extent it recommended holding Defendant in contempt without further hearing, but otherwise adopted it in its entirety and ordered Defendant to show cause before this Court at the James M. Hanley Federal Building in Syracuse, New York (or via videoconference) on April 17, 2024. (Dkt. No. 23). In addition, this Court ordered Plaintiff to serve Magistrate Judge Stewart's Report-Recommendation and Order and this Court's Memorandum-Decision and Order on Defendant's agents "utilizing any available email and mailing address by March 13, 2024, and file a certificate of service by March 18, 2024." (*Id.*). On March 1, 2024, Plaintiff's counsel served both Magistrate Judge Stewart's Report-Recommendation and Order and this Court's Memorandum-Decision and Order via U.S. Mail and email on all required individuals. (Dkt. No. 24).

At the request of Plaintiff's counsel, the April 17, 2024 show cause hearing was rescheduled for April 22, 2024, and Plaintiff was instructed to serve the text order "upon Defendant's agent via certified mail, as well as any known email address for the LLC," by March 20, 2024. (Dkt. No. 25). On March 8, 2024, Plaintiff's counsel served the Text Order via US Mail and email on all required individuals. (Dkt. No. 26).

Defendant failed to appear for the April 22, 2024, hearing. (*See* Text Minute Entry Apr. 22, 2023). At the hearing, the Court indicated that it would impose the $5,000 sanction and costs

4

recommended by Magistrate Judge Stewart and directed Plaintiff to file an affidavit with supporting documentation by April 26, 2024. On April 22, 2024, Plaintiff's counsel filed a declaration requesting an award of $3,347.50 in attorneys' fees and $142.31 in costs.

## III. DISCUSSION

### A. Contempt for Failure to Comply with a Discovery Order

Rule 37(b)(2)(A)(vii) provides that a court may hold a party in contempt for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(vii). A federal district court has "the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses or damages." *Cordius Tr. v. Kummerfeld*, No. 99-cv-3200, 2009 WL 3416235, at *5 (S.D.N.Y. Oct. 23, 2009) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981)). Further, a "district court clearly has discretion to impose contempt sanctions for violations of post-judgment discovery orders." *Servaas Inc. v. Republic of Iraq*, No. 09-cv-1862, 2014 WL 279507, at *2 (S.D.N.Y. Jan. 24, 2014), *vacated on other grounds, SerVaas Inc. v. Mills*, 661 F. App'x. 7, 8 (2d Cir. 2016). A person may be held in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed," and the person or entity "must be able to ascertain from the four corners of the order precisely what acts are [required or] forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Here, this Court has previously accepted the facts in Magistrate Judge Stewart's Report-Recommendation, (Dkt. No. 23, at 4; *see* Dkt. No. 22, at 5–6 (certifying facts as having been established by "clear and convincing evidence" showing that Defendant was properly served

5

with post-judgment discovery demands, Defendant failed to respond to those demands, that despite Magistrate Judge Stewart's issuance of an Order to Compel and an Order to Show Cause as to why Defendant should not be held in contempt, both of which were "clear and unambiguous," Defendant has failed to comply or attempted to comply in any manner)). However, this Court rejected the Report-Recommendation insofar as it recommended holding Defendant in contempt without further hearing. (*Id.*). As stated, on April 22, 2024, the Court held a hearing and Defendant failed to appear. Accordingly, for all the reasons previously outlined by Magistrate Judge Stewart, and because, to date, Defendant has made no effort to complaint, the Court finds Defendant Urbanspotlite, LLC to be in contempt of court for its failure to comply with Magistrate Judge Stewart's June 2, 2023 and September 11, 2023 Orders. (Dkt. Nos. 14, 16).

Additionally, in the Report-Recommendation, Magistrate Judge Stewart recommended a single contempt fine in the amount of $5,000, and that Plaintiff be awarded costs for bringing the Order to Show Cause Motion. (Dkt. No. 22). In exercising its "broad discretion" to fashion contempt sanctions, "a court is obliged to use the least possible power adequate to the end proposed." *Cordius Tr.*, 2009 WL 3416235, at *6. Here, the Court concludes that such a figure is more than adequate to both compensate Plaintiff for the wrongs inflicted upon it, as well as to secure future compliance with court orders.

**B.     Attorneys' Fees and Costs**

Plaintiff seeks $3,347.50 in attorneys' fees and $142.31 in costs, for a total of $3,489.81. (Dkt. No. 28). A court "may award appropriate attorney fees and costs to a victim of contempt." *Casale v. Kelly*, 710 F. Supp. 2d 347, 367 (S.D.N.Y. 2010) (citing *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996)). "While a finding of willful conduct is not necessary, if contempt is found, a finding of willfulness strongly supports an award of attorney's fees to the prejudiced

6

party." *Wishart v. Welkley*, No. 19-cv-6189, 2023 WL 1806448, at *2, 2023 U.S. Dist. LEXIS 21275, at *5 (W.D.N.Y. Feb. 8, 2023) (citing *Church v. Steller*, 35 F. Supp. 2d 215, 219 (N.D.N.Y. 1999)).

Here, the facts determined by Magistrate Judge Stewart in the Report-Recommendation and previously accepted by this Court, as well as Defendant's failure to appear in-person or by video at this Court's April 22, 2024 hearing, show that "Plaintiff has established through his efforts, and the affidavits of service, that the Defendant has failed to diligently attempt to comply with the Court's Orders and the discovery demands in a reasonable manner." (Dkt. No. 22, at 6). Thus, the Court finds that Defendant willfully failed to comply with this Court's Orders and that an award of attorneys' fees and costs incurred as a result of the noncompliance with the order to show cause is warranted.

In awarding attorneys' fees, the Court has "wide discretion" in determining the reasonableness of any such award. *Medina v. Buther*, No. 15-cv-1955, 2019 WL 4370239, at *5 (S.D.N.Y. Sept. 12, 2019). In determining the reasonableness of requested attorneys' fees, "the Court begins by using the 'lodestar method' to calculate a 'presumptively reasonable fee.'" *McGlynn v. Cools, Inc.*, No. 19-cv-3520, 2020 WL 6561658, at *4, 2020 U.S. Dist. LEXIS 116761, at *10 (S.D.N.Y. July 1, 2020) (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The lodestar is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* In the Second Circuit, there is a presumption in favor of the "forum rule," which requires courts to employ "the hourly rates ... in the district in which the reviewing courts sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted). To rebut the presumption, a party seeking higher out-of-district rates "must make a particularized showing, not only that the

selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* at 176.

Courts may, after the initial calculation of the presumptively reasonable fee, adjust the total when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). The "fee applicant has the burden of showing by satisfactory evidence—in addition to the attorney's own affidavits—that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005).

Here, Plaintiff's counsel submitted a sworn declaration, which is supported by attached billing records, asserting that his firm spent 9.20 hours total on this case: Plaintiff's counsel, spent 4.30 hours of attorney time in connection with the order to show cause in the case, an associate attorney, spent 3.20 hours of attorney time, and a paralegal spent 1.70 hours of paralegal time. (Dkt. No. 28, ¶ 10). Plaintiff's counsel attached an itemized invoice to his declaration, which reflects the same time distribution. (Dkt No. 28-1, at 2-3). The Court finds that the descriptions in the billing records include sufficient details to enable the Court to assess the reasonableness and, having considered Plaintiff's filings, the Court finds that 9.20 hours is a reasonable numbers of hours required by a motion for order to show cause. *See Weitzman*, 891 F. Supp. at 932–33 (finding 58.25 hours reasonable where counsel "prepar[ed] an order to show cause calling for the contempt hearing, research[ed] the law, prepar[ed] witnesses for the contempt hearing, prepar[ed] documents for the contempt hearing, and attend[ed] the contempt hearing," as well as filing briefs), *aff'd in relevant part* 98 F.3d 717 (2d Cir. 1996); *Wardak v. Cavanaugh*, 2023 WL 5959594, at *8, 2023 US. Dist. LEXIS 161962, at *21 (N.D.N.Y.

8

September 23, 2023) (finding 57.2 hours reasonable where counsel "prepar[ed] and fil[ed] the Contempt Motion").

Further, Plaintiff's counsel requests an hourly rate of $450 for himself, an hourly rate of $375 for the associate attorney, and an hourly rate of $125 for the paralegal. (Dkt. No. 28, ¶ 11). Plaintiff's counsel, who "form[ed] … CopyCat Legal in 2019" alleges that his $450 hourly rate is "within the range constituting the 'forum rate' generally applied by courts in the New York federal courts for attorneys of similar experience," and is reasonable considering that he "ha[s] served as counsel of record in dozens of copyright infringement, trade secret, and trademark infringement lawsuits" as well as "counsel of record in approximately 400 federal civil and/or bankruptcy actions and 250+ state court lawsuits in Florida/ New York." (Dkt. No. 28, ¶ 4-5)). Although the Court may consider Plaintiff's counsel's experience in assessing a reasonable hourly rate, *see Broad. Music, Inc. v. DeJohn's on Lark, Inc.*, 2020 WL 1986903, at *7, 2020 U.S. Dist LEXIS 73262, at *18-19 (N.D.N.Y. Apr. 27, 2020) (collecting cases), these allegations do not establish that in-district counsel would produce a substantially inferior result. *But cf. Eileen Grays, LLC v. Remix Lighting, Inc.*, No. 18-cv-362, 2019 WL 6609834, at *7, 2019 U.S. Dist. LEXIS 209445 at *17-18 (N.D.N.Y. Dec. 5, 2019) (finding that a plaintiff rebutted the forum rule presumption where the attorneys were "a partner with Morgan Lewis" and an "attorney who "previously worked at the U.S. Copyright Office," and had "specialized expertise," and an attorney with an "existing relationship with the [p]laintiff"). Thus, the presumptively reasonable rate is evaluated based on the Northern District of New York.

The Court "looks at prevailing rates within this District to determine the reasonableness of the proposed rates." *Tessemae's LLC v. Atlantis Cap. LLC*, No. 18-cv-4902, 2019 WL 2635956, at *4, 2019 U.S. Dist. LEXIS 108020, at *10 (S.D.N.Y. June 27, 2019) (citing

*Bergerson v. N.Y. State Off. of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011)). "Reasonable rates in this district have been determined to be anywhere from $250 to $350 for partners, $165 to $200 for associates, and $80 to $90 for paralegals." *Oriska Corp v. Highgate LTC Mgmt., LLC*, No. 21-cv-104, 2022 WL 17475599, at *2, 2022 U.S. Dist. LEXIS 219151, at *4 (N.D.N.Y. Dec. 6, 2022). In *DeJohn's on Lark, Inc.*, the Court held that the requested hourly rate of $450 was "considerably higher than what is usually expected in the Northern District of New York." 2020 WL 1986903, at *7, 2020 U.S. Dist. LEXIS 73262, at *18 (citing *Broad Music, Inc. v. Rider Rock's Holding LLC*, 2017 WL 2992498, at *3, 2017 U.S. Dist LEXIS 109383, at *7 (N.D.N.Y. July 14, 2017)).

As a result of Plaintiff's counsel's nearly two decades of experience and the fact that he "form[ed] … CopyCat Legal in 2019," which, is presumably akin to partner status, the Court reduces his billable rate to $350 per hour. (Dkt. No. 28, ¶ 4).

The Court notes that Plaintiff's counsel included further information about the associate attorney's experience. (Dkt. No. 28, ¶ 6); *cf. Richardson v. N.Y.S. Off. of Mental Health*, No. 11-cv-1007, 2018 WL 2021536, at *2, 2018 U.S. Dist. LEXIS 72762, at *4 (N.D.N.Y. Apr. 30, 2018) (finding $165 per hour for an associate attorney and $80 per hour for a paralegal reasonable where the plaintiff "provide[d] no information about the qualifications of the associate attorneys and paralegals who worked on [the case"). Plaintiff's counsel documents the associate attorney's various accolades, as well as her experience "practic[ing] in civil courts for over eight years, including on behalf of the City of New York and the State of Florida." (Dkt. No. 28, at 3). *See Wardak*, 2023 WL 5959594, at *6, 2023 US. Dist. LEXIS 161962, at *8 (finding an associate partner rate of $175 per hour is reasonable where the associate attorney was not listed on the firm's website and the plaintiff's sworn declaration did not include any

10

information about the associate attorney's expertise or experience). Here, Plaintiff's attorney seeks hourly rates greater than reasonable in-district rates for the associate attorney. While the associate attorney has eight years of civil experience, the information provided by Plaintiff's counsel offers no particularized showing that that use of in-district counsel would produce a substantially inferior result. (Dkt. No. 28). Therefore, the Court will reduce the billable rate to $200 per hour for the associate attorney and $90 per hour for the paralegal. Thus, based on the hours worked and the reduced hourly rate, the Court finds that Plaintiff is entitled to a total of $2,298.00 in attorneys' fees.

Moreover, Plaintiff seeks $142.31 in actual costs, which is comprised of "$9.20 for service of Order to Show Cause on Defendant, $100.00 total for service of process of subpoenas to ascertain the identity of Defendant's members, per Court order, $16.85 for service of Report, Recommendation, and Order on Defendant, and $16.26 total for certified mailings to Defendant at two (2) addresses on two (2) different dates." (Dkt. No. 28, ¶ 14; Dkt. No. 28-2). Plaintiff's billing records and the docket report substantiate these costs. (Dkt. No. 28-2). The Court therefore finds that Plaintiff is entitled to recover these costs. *See Sony BMG Music Ent. v. Larkin*, 08-cv-702, 2009 WL 2176641, at *2, 2009 U.S. Dist. LEXIS 62616, at *4 (N.D.N.Y. July 22, 2009) (awarding $480 for filing and service fees).

Accordingly, the Court finds that Plaintiff is entitled to recover a total of $2,440.31 in attorneys' fees and costs.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Court finds Defendant Urbanspotlite, LLC to be in contempt of Court for its failure to comply with Magistrate Judge Stewart's June 2, 2023 and September 11,

2023 Orders, (Dkt. Nos. 15, 16), and imposes sanctions in the amount of $5,000.00 to be paid to Plaintiff; and it is further

**ORDERED** that Plaintiff's request for attorneys' fees and costs (Dkt. No. 28) is **GRANTED** and Plaintiff is awarded $2,298.00 in attorneys' fees and $142.31 in costs; and it is further

**ORDERED** that Plaintiff shall serve this Memorandum-Decision and Order upon Defendant's agent via certified mail, as well as any known email address for the LLC, and upon Klenord Raphael, Darlene Cameron, Richard Thimote, and Tarik Lawrence utilizing any available email and mailing addresses.

**IT IS SO ORDERED.**

Dated: June 17, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

12